Mr. Thomas G. Tinsley Chief Financial Officer Florida Housing Finance Corporation 227 North Bronough, Suite 5000 Tallahassee, Florida 32301-1329
Dear Mr. Tinsley:
You ask the following question:
Does the Florida Housing Finance Corporation constitute an agency or instrumentality of the state?
In sum:
The Florida Housing Finance Corporation, created by statute as a public body corporate and politic and located within the Department of Community Affairs, constitutes an agency or instrumentality of the state.
A question has arisen regarding the status of the corporation in light of 26 United States Code section 457, which relates to deferred compensation plans of State and local governments and tax-exempt organizations. Paragraph (e)(1) defines the term "eligible employer" for purposes of the federal statute to mean:
"(A) a State, political subdivision of a State, and any agency or instrumentality of a State or political subdivision of a State, and
(B) any other organization (other than a governmental unit) exempt from tax under this subtitle."
The Florida Housing Finance Corporation (corporation) was created within the Department of Community Affairs (department) as a public corporation and public body corporate and politic.[1]
The expressed legislative intent in establishing the corporation is
"to encourage the investment of private capital in residential housing through the use of public financing to deal with the problem of disintermediation, to stimulate the construction and rehabilitation of residential housing, to facilitate the purchase and sale of existing residential housing, to provide construction and mortgage loans for projects, and to make loans to and purchase mortgage loans from private lending institutions, each on a quantifiable, measurable basis providing sufficient, clear evidence of the corporation's goals and its success in achieving the goals."[2]
To accomplish this, the assets and liabilities of the former Florida Housing Finance Agency were transferred to the corporation on January 1, 1998.[3] In addition, section 420.509, Florida Statutes, authorizes the corporation to issue revenue bonds, as provided by Article VII, section 16, Florida Constitution, to carry out its functions.[4]
Although assigned to the Department of Community Affairs, the corporation is a separate budget entity and is not subject to the department's control, supervision or direction.[5] Section420.504(1), Florida Statutes, states that while the corporation is not a department of state government within the meaning of ArticleIV, section 6, Florida Constitution, it is functionally related to the department.[6] Section 420.504(2), Florida Statutes, designates the corporation as a public instrumentality.
The statutes contemplate that the corporation will contract with the department on a multiyear basis to administer state housing programs.[7] Thus, the corporation's authority and duties are statewide and are not limited to any one locale within the state.
The corporation's board of directors consists of the Secretary of the Department of Community Affairs, serving as an ex officio
member, and eight members appointed by the Governor and confirmed by the Senate for four-year terms.[8] Directors are required to file full and public financial disclosure in the same manner as required of elected constitutional officers, and the meetings and records of the corporation are governed by the open government laws of this state.[9]
Section 420.506, Florida Statutes, provides that the Secretary of the Department of Community Affairs, with the advice and consent of the corporation's board of directors, is responsible for the appointment and removal of an executive director for the corporation. The executive director is authorized to employ such agents and employees as the corporation may require. The board is authorized, notwithstanding the provisions of section 216.262, Florida Statutes, to develop and implement rules governing the employees of the corporation and service providers.
You have advised this office that the employees of the corporation are not state employees; they do not, for example, participate in the State Retirement System or receive other state employee benefits.[10] Pursuant to section 420.507(32), Florida Statutes, however, the corporation is authorized to pay pensions and establish pension plans, pension trusts, and benefit and incentive plans for any and all of its current or former employees and agents.
Absent constitutional restrictions, it is clear that a state may create an agency or public corporation for the purpose of carrying out a state duty or function.[11] With the creation of the Florida Housing Finance Corporation, the Legislature has established a public corporation to carry out a specific state purpose: the stimulation, fostering and provision of affordable housing in this state. Even without the Legislature's designation of the corporation as a "public instrumentality" in section 420.504, Florida Statutes, the corporation, in carrying out those duties, would appear to constitute an agency or instrumentality of the state.[12]
Accordingly, I am of the opinion that the Florida Housing Finance Corporation, created by statute as a public body corporate and politic and located within the Department of Community Affairs, constitutes an instrumentality of the state.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 420.504(1), Fla. Stat.
[2] Section 420.502(7), Fla. Stat.
[3] Section 420.5061, Fla. Stat.
[4] Section 420.509(1), Fla. Stat. And see, Art. VII, s. 16, Fla. Const., which provides that when authorized by law, revenue bonds may be issued without an election to finance or refinance housing and related facilities in Florida, provided that in no event shall the full faith and credit of the state be pledged to secure such revenue bonds.
[5] Section 420.504(3), Fla. Stat.
[6] Cf., Agency for Health Care Admin. v. Associated Industriesof Florida, Inc., 678 So.2d 1239 (Fla. 1996), cert. denied,117 S.Ct. 1245 (1997) (Agency for Health Care Administration was created as valid, independent agency within existing Department of Professional Regulation, and its existence does not violate Florida constitutional limitation on number of executive branch departments since placement was the prerogative of the legislature and was a logical extension of the regulatory functions of the Department).
[7] See, s. 420.0006, Fla. Stat., which requires that the contract incorporate the performance measures required by s.420.511, Fla. Stat.
[8] Sections 420.504(3) and (4), Fla. Stat.
[9] Sections 420.504(2) and (7), Fla. Stat.
[10] But see, s. 420.506, Fla. Stat., authorizing the corporation to enter into a lease agreement with the department or the Department of Management Services for the lease of state employees who shall retain their status as a state employee.
[11] See, e.g., 81A C.J.S. States s. 141; O'Malley v. FloridaInsurance Guaranty Association, 257 So.2d 9 (Fla. 1971); andForbes Pioneer Boat Line v. Board of Commissioners of EvergladesDrainage District, 82 So. 346, 350 (Fla. 1919), in which the Supreme Court of Florida considered the distinctions between private corporations, quasi public corporations, and public corporations, stating:
"A private corporation is one formed for the benefit of its stockholders exclusively. When it is invested with certain powers of a public nature to permit it to discharge duties to the public, it loses its strictly private character and becomes quasi public. A corporation is public when created for public purposes only, connected with the administration of government, and where the whole interests and franchises are the exclusive property and domain of the government itself."
And see, Black's Law Dictionary, Corporation pp. 409-410 (4th rev. ed. 1968) (public corporation is one created by state for political purposes and to act as an agency in the administration of civil government [but if] organized by private persons for their own advantage, or even if organized for the benefit of the public generally, it is none the less a private corporation); 18 C.J.S. Corporations s. 6 (generally public corporation is created by government for public purposes, political or otherwise, whereas a private corporation is one formed by voluntary agreement of its members for private and in some instances for public purposes).
[12] Cf., Op. Att'y Gen. Fla. 83-20 (1983), concluding that the Florida State Fair Authority created as a public body corporate and politic to carry out a state function constituted an instrumentality of the state regardless of whether the statutes specifically designated it as such; and see, Op. Att'y Gen. Fla. 80-29 (1980) (Florida State Commission on Hispanic Affairs, created within the Executive Office of the Governor, as independent statutory entity with statewide jurisdiction and functions, is an agency of the state).